UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Adams | Civil Action No. 10-1253 |
| versus | Judge Tucker L. Melançon |
| Oceaneering International, Inc., et al | Magistrate Judge C. Michael Hill |

MEMORANDUM RULING

Before the Court is plaintiff Michael Cody Adams' Motion To Remand [Rec. Doc. 7], defendant Oceaneering International, Inc.'s opposition [Rec. Doc. 9] and plaintiff's Amended Reply Memorandum [Rec. Doc. 12]. For the reasons that follow, plaintiff's Motion will be denied.

On April 20, 2010, plaintiff filed a Seaman's Petition for Damages in the Sixteenth Judicial District Court for the Parish of St. Mary, State of Louisiana seeking to recover under the Jones Act and general maritime law for injuries he allegedly sustained on October 9, 2008 while working for Oceaneering aboard its vessel, the *M/V OCEAN INTERVENTION*. On July 2, 2010, plaintiff amended his Petition to bring a claim against Oceaneering's insurer, Steamship Mutual Underwriting Association Ltd. ("Steamship"), pursuant to the Louisiana Direct Action Statute, La. R.S.§22:1269. *R. 1-2, Original Petition, First Amended Petition.* Steamship removed this action on August 9, 2010, under "the Federal Arbitration Act, 9 U.S.C. § 205, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, because Steamship's Rules provide for mandatory arbitration in London pursuant to the English Arbitration Act of 1996." *R. 1, Notice of Removal.* Plaintiff filed the motion at bar on October 21, 2010. *R. 12.*

Plaintiff moves the Court to issue an order to remand this matter to state court pursuant to 28 U.S.C. § 1447(c) on grounds that Steamship's Notice of Removal is insufficient to establish the existence of removal jurisdiction in this Court as it fails to set out

sufficient facts to establish the existence of a valid arbitration agreement in this case. Plaintiff seeks attorney's fees on grounds that Steamship did not have an objectively reasonable basis for removal. Plaintiff further contends that his Jones Act claim is nonremovable because arbitration under § 205 would impair plaintiff's substantial rights as a Jones Act seaman and that the arbitration agreement between Steamship and Oceaneering is void under Louisiana law for lack of consent because plaintiff was not a signatory to the agreement.

Steamship predicates removal on the arbitration clause contained in the insurance policy between Oceaneering and Steamship, and invokes the Court's jurisdiction pursuant to the Convention on the Recognition and Enforcement of Arbitral Awards, 9 U.S.C. §§ 201-208 ("the Convention"). Steamship is an internationally recognized protection and indemnity ("P & I") association, or Club. *R. 9*; *see, e.g., Viator v. Dauterive Contractors, Inc.*, 638 F.Supp.2d 641, 644 (E.D.La.,2009). The insurance coverage it provides is set forth in the Certificate of Entry which incorporates the Club's Rules of Entry. *Id., Exh. A & B.* For a P & I mutual such as Steamship, the Rules of Entry are the equivalent of an insurance policy issued by a stock underwriter. *Id.* The dispute resolution provisions contained in the contract of insurance in this case provide, in pertinent part:

> In the event of any difference or dispute whatsoever, between or affecting a Member and the Club and concerning the insurance afforded by the Club under these Rules or any amounts due from the Club to the Member or the Member to the Club, such difference or dispute shall in the first instance be referred to adjudication by the Directors … If the Member wishes to challenge the decision of the Directors upon adjudication under Rule 47 I a above, then … the dispute or difference shall be referred to arbitration in London …

*R. 9, Exh. B, pp. 86-87.*

Section 205 of the Convention Act provides the mechanism for removing an action such as this one and provides, in relevant part:

**2**

> Where the subject matter of an action or proceeding pending in a state court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

9 U.S.C. § 205. To determine whether removal is proper under Section 205, the removing defendant must show that (1) the arbitration clause at issue "fall [ ] under the Convention" pursuant to Section 202; and (2) the state court litigation "relates to" the arbitration clause for the purposes of Section 205. *Acosta v. Master Maintenance and Construction Inc.*, 452 F.3d 373, 377 (5th Cir. 2006).

An agreement "falls under" the Convention pursuant to Section 202 if four prerequisites are met: (1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen. *Id*.; 9 U.S.C. § 202. These elements are met in this case. First, there is an agreement in writing to arbitrate the coverage dispute. Second, the Rules of Entry provide for arbitration in the territory of a Convention signatory-London, England. Third, the agreement arises out of a commercial legal relationship-a contract of insurance between a mutual protection and indemnity association and an insured. *See Roser v. Belle of New Orleans, L.L.C.*, 2003 WL 22174282, at *4 (E.D.La. Sept. 12, 2003)(Engelhardt, J.)(determining that a protection and indemnity insurance agreement satisfies the commercial legal requirement under the Convention). Finally, the fourth element is met because the record establishes that Steamship is not a United States citizen.

According to the Fifth Circuit, the Congress, in creating and providing for original

federal jurisdiction over Convention cases, also intended to provide the broadest removal statute in the federal code. The purpose behind such a liberal removal provision was to insure that there would be a uniform federal common law regarding international arbitral obligations. *McDermott International, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199 (5th Cir.1991). In applying this broad removal provision, the Fifth Circuit has instructed:

> Because 'uniformity is best served by trying all [Convention] cases in federal court unless the parties unequivocally choose otherwise,' *McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1207-08 (5th Cir. 1991), Congress granted the federal courts jurisdiction over Convention cases and added one of the broadest removal provisions, § 205, in the statute books. So generous is the removal provision that we have emphasized that the general rule of construing removal statutes strictly against removal 'cannot apply to Convention Act cases because in these instances, Congress created special removal rights to channel cases into federal court.' *Id*. at 1213.

*Acosta v. Master Maintenance and Construction Inc*., 452 F.3d 373, 377 (5th Cir. 2006).

Recognizing the breadth of this jurisdictional grant, the Fifth Circuit stated in *Beiser v. Weyler*, 284 F.3d 665, 671 (5th Cir.2002) that "the district court will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense." The court in *Beiser* examined whether removal jurisdiction existed even though the arbitration agreement was between a defendant and a non-signatory. *Id*. at 666. The Fifth Circuit focused on the meaning of the phrase "relates to" in 9 U.S.C. § 205. *Id*. The Fifth Circuit broadly interpreted the term "relates to" and explained that "whenever an arbitration agreement falling under the Convention could conceivably affect the outcome of the plaintiff's case, the agreement "relates to" to the plaintiff's suit." *Id*. The Beiser court also explained that because Section 205 allows district courts to assess their jurisdiction from the pleadings alone, courts must be cautious not to "conflate the jurisdictional and merits inquiries into a single step." *Id*., at 670. The

definition of "relates to" adopted by the Beiser court allows a determination of jurisdiction from the petition for removal itself, and keeps the jurisdictional and merits inquiries separate. *Id*., at 671. Thus, "absent the rare frivolous petition for removal, as long as the defendant claims in its petition that an arbitration clause provides a defense, the district court will have jurisdiction to decide the merits of that claim." *Id*. The *Beiser* court reasoned that "[w]henever an arbitration agreement falling under the Convention could conceivably affect the outcome of the plaintiff's case, the agreement 'relates to' the plaintiff's suit."[1] *Id*. As a result, the court held that plaintiff's state action was properly removed to federal court because it was not frivolous to argue that plaintiff himself may have been bound by the arbitration agreement and his state suit subject to mandatory arbitration.

Applying Section 205 as well as the foregoing jurisprudence setting out the Fifth Circuit's liberal standard for removal under the Convention, the Court finds that this litigation is related to the arbitration clause in Steamship and Oceaneering's insurance contract. Because the arbitration agreement "falls under" the Convention pursuant to Section 202, and the litigation "relates to" the agreement, pursuant to Section 205, Steamship has established that this Court has removal jurisdiction and may enforce the arbitration clause at issue. *Beiser*, 284 F.3d at 669 (the language in § 205 was broad enough to "encompass the relationship between the arbitration clauses in the agreements and [plaintiff's] suit," even though plaintiff as an individual was not a signatory to the arbitration agreement). As to

---

[1] The *Beiser* court clarified that for purposes of a federal court's jurisdictional analysis, the question of whether a particular arbitration provision may ultimately be enforced or the question of whether a particular party may be compelled to arbitrate does not control the jurisdictional analysis because it "has the disadvantage of frontloading a merits inquiry into the district court's examination of its jurisdiction." *Beiser*, 284 F.3d at 670. The Fifth Circuit emphasized that "[c]onceptually, whether a federal court has jurisdiction to decide an issue is a distinct question from how to decide that issue correctly." *Id*. That is because jurisdiction is simply " 'the power to decide the case either way.' " *Id*.

plaintiff's contention that his Jones Act action is nonremovable under the Convention, in *Freudensprung v. Offshore Technical Services, Inc.*, 379 F.3d 327, 338 -339 (5th Cir.,2004), the Fifth Circuit held,

> When the Convention Act governs the recognition and enforcement of an arbitration agreement or award, however, the FAA[2] applies only "to the extent that [the FAA] is not in conflict with [the Convention Act] or the Convention as ratified by the United States." *See* 9 U.S.C. § 208; *Francisco v. STOLT ACHIEVEMENT MT*, 293 F.3d 270, 274 (5th Cir. 2002). As we have recently recognized, unlike the FAA, neither the Convention, the ratifying language of the Convention, nor the Convention Act "recognize[s] an exception for seaman employment contracts." *Id*. at 274.

Plaintiff has not supported his position with any jurisprudence contrary to *Freudensprung*.

Based on the record before the Court as well as the foregoing jurisprudence indicating that the Convention provides the broadest removal statute in the federal code, the Court finds that the subject matter of plaintiff's lawsuit relates to an arbitration agreement under the Convention, and removal under § 205 was proper. Accordingly, plaintiff's Motion To Remand will be denied.

---

[2] Section 1 of the FAA, excludes "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce" from the scope of the Arbitration Act. When the Convention Act governs the recognition and enforcement of an arbitration agreement or award, however, the FAA applies only "to the extent that [the FAA] is not in conflict with [the Convention Act] or the Convention as ratified by the United States." *See* 9 U.S.C. § 208.